IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ELISHA PATTI KENNEDY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No. 1:10-CV-0563 |
| v. | * | |
| | * | |
| THE STATE OF GEORGIA, | * | |
| | * | |
| Defendant. | * | |

**MOTION TO STAY DISCOVERY**

COMES NOW the State of Georgia, by special appearance without submitting itself to the jurisdiction of the Court, by and through the Attorney General of the State of Georgia, and respectfully submits this Motion to Stay Discovery.

**I.   PROCEDURAL HISTORY**

On February 26, 2010, Plaintiff Elisha Patti Kennedy filed the above-styled action against the Defendant the State of Georgia ("State") alleging that the State denied Plaintiff due process of law because State judges allowed the foreclosure of Plaintiff's real property and eviction thereof, including the dismissal of her actions against Plaintiff's lenders, without the validation of her original note. (Complaint, p. 1-3). Plaintiff included in her complaint a motion for a temporary injunction

against the State from "any and all activities which would be deemed predatory against Plaintiff" until this Court can investigate whether "Plaintiff's rights were violated in the state." (Complaint, p. 3). On March 16, 2010, Defendant filed a Motion to Dismiss Plaintiff's claims as barred by the Eleventh Amendment of the U.S. Constitution.  On March 17, 2010, Plaintiff filed a "Bill of Particulars" further alleging that such denial of her due process is the result of racketeering and corrupt behavior between the State judges and mortgage lenders. On April 19, 2010, this Court issued an Order denying Plaintiff's motion for a temporary injunction. Defendant's Motion to Dismiss is presently pending before the Court.  Defendant submits this Motion to Stay all discovery in this action until a ruling on the Motion to Dismiss has been issued.

## II.     ARGUMENT AND CITATION OF AUTHORITY

Rule 26(d) of the Federal Rules of Civil Procedure provides the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed.R.Civ.P. 26(d).  *See also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558-59 (11th Cir. 1985)(court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2nd Cir. 1987) (staying discovery pending determination of motion to dismiss); 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2008 (2d ed. 1994)

2

("The court may wish to issue a protective order postponing discovery on a particular subject until legal attacks on the sufficiency of the matter have been determined.")(citing *In re First Constitution Shareholders Litigation*, 145 F.R.D. 291 (D. Conn. 1991)).  Defendant submits that, in the interests of efficiency and justice, this Court should exercise its discretion under Rule 26 and issue a stay relieving Defendant from having to exert additional resources participating in discovery pending a ruling on the Motion to Dismiss.  *See Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (trial court properly stayed discovery pending resolution of motion to dismiss); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (holding that "facial challenges to the legal sufficiency of the claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins").

The pending Motion to Dismiss seeks dismissal of all of Plaintiff's claims in this action. Staying discovery until the Court's ruling on the Motion to Dismiss could alleviate the need for any such discovery and protect Defendant from the burden of responding to potentially unnecessary discovery should the motion be granted.  Moreover, even if Plaintiff's claims are not dismissed in their entirety, the Court's ruling on the Motion to Dismiss could, at least, narrow the claims at issue and establish the proper scope of discovery.  The United States Supreme Court has continuously held that where there is a question of immunity, the defendant should

not be subject to the burdens of litigation prior to a resolution of the question of immunity.  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511 (1985)); *see also Bouchard Transportation et. al. v. Florida Department of Environmental Protection*, 91 F.3d 1445 (11th Cir. 1996).

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court STAY discovery and any other proceedings or deadlines in this matter until the pending Motion to Dismiss  is adjudicated.

Respectfully submitted this 6th day of August, 2010.

|  |  |
|---|---|
| **THURBERT E. BAKER** | 033887 |
| Attorney General | |
| | |
| **R.O. LERER** | 446962 |
| Deputy Attorney General | |
| | |
| **DENISE E. WHITING-PACK** | 558559 |
| Senior Assistant Attorney General | |

s/ Shannon A. McGhee
**SHANNON A. MCGHEE**     142481
Assistant Attorney General

Please Address All
Communications To:
SHANNON A. MCGHEE
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 656-2172
Facsimile:  (404) 657-3239
Email: smcghee@law.ga.gov

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served the within and foregoing **MOTION TO STAY DISCOVERY** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

**NONE**

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Elisha Patti Kennedy, *Pro Se*
>4208 St. Marie Ct
>Stone Mountain, GA 30083
>PH:  (404) 438-7233

This 6th day of August, 2010.

>s/ Shannon A. McGhee
>SHANNON A. MCGHEE     142481
>Assistant Attorney General